IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAMAINE BEADLES

    Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

Case No. 10-40118-JAR
Case No. 16-4063

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Tramaine Beadles's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 117). The Government has responded (Doc. 119), and Defendant has replied (Doc. 120). Defendant seeks discharge from the federal sentence he is serving at the United States Penitentiary in El Reno, Oklahoma. As explained in detail below, the Court construes Defendant's pleading as an unauthorized second or successive motion under 28 U.S. C. § 2255, and dismisses for lack of jurisdiction.

In October 2012, Defendant was convicted by a jury on a bank robbery charge and sentenced by this Court to a term of 210 months' custody. Petitioner filed a direct appeal to the United States District Court for the Tenth Circuit, which affirmed.[1] Defendant filed a motion pursuant to 28 U.S.C. § 2255 on June 3, 2013, which this Court denied.[2] The Court subsequently denied Defendant's request for a new trial under Fed. R. Crim. P. 33; the Tenth Circuit vacated the order and remanded with instructions to dismiss the motion as an unauthorized second or

---

[1] *United States v. Beadles*, 508 F. App'x 807 (10th Cir. 2013).
[2] Docs. 96, 97.

1

successive motion under § 2255.[3]  The Court incorporates those orders by reference.  While that appeal was pending, Defendant filed the instant pleading, requesting relief under 28 U.S.C. § 2241.

Defendant claims he is actually innocent of the bank robbery crime both because Agent Gentine coerced his confession and because he was coerced to commit the instant crime because of death threats he received while residing at the Grossman Center.  Defendant suggests that Agent Gentine committed a fraud upon the court and that he was subject to a false and/or malicious arrest and prosecution.  Irrespective of the title of his pleading, however, Defendant's claims are yet another attempt to challenge his federal conviction or sentence, which must be raised in a motion pursuant to 28 U.S.C. § 2255, and are not properly raised in a § 2241 petition.[4]  Petitioner renews many, if not all of the claims he made in his initial § 2255 motion as well as the Rule 33 motion, specifically that his sentence was imposed in violation of the Constitution of laws of the United States.[5]  Thus, Petitioner faces an additional hurdle, as this would be his third § 2255 motion, which requires authorization from the Tenth Circuit Court of Appeals before filing in this Court.[6]  Defendant has not obtained authorization from the Tenth Circuit to file his successive motion and accordingly, this Court lacks jurisdiction to adjudicate the motion on the merits.[7]

---

[3] *See* Mandate, Doc. 124.

[4] *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("A § 2255 motion is one 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack.'") (quoting 28 U.S.C. § 2255(a)).

[5] *See United States v. Holly*, 444 F. App'x 309, 311 (10th Cir. 2011) ("A prisoner's post-judgment filing (however entitled) should be treated like a second or successive § 2255 motion if it asserts or reasserts claims of error in the prisoner's conviction.") (citations omitted).

[6] 28 U.S.C. § 2255(h); s*ee* Docs. 106, 125.

[7] *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization.").

Because Defendant's claim was filed without the requisite authorization, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[8]  The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court or authorization."[9]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court discretion in making the decision whether to transfer an action, or instead, to dismiss the action.[10]  Factors to be considered in deciding whether to transfer in the interest of justice include: whether the claims would have been time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[11]  A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[12]  Finally, because this is a successive

---

[8]*Id.* at 1252.

[9]*Id.*

[10]*Id.* at 1252–53.

[11]*Id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[12]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

§ 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting his claims presented could have been discovered through the exercise of due diligence.[13] Defendant does not meet either of the conditions required for a successive § 2255 motion, nor do the claims alleged appear to have merit. As noted, this is Defendant's third attempt to raise these issues, which have been rejected by this Court as well as the Tenth Circuit.

Moreover, to the extent the pleading may be construed as a petition brought under § 2241, it is subject to dismissal because such a pleading must be filed in the district court of the petitioner's incarceration. Section 2241(a) of Title 28 U.S.C. states that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."[14] "A petition under 28 U.S.C. § 2241 attacks the execution of the sentence rather than its validity and must be filed in the district where the prisoner is confined."[15] Petitioner is confined in the Western District of Oklahoma, not the District of Kansas, and thus it follows that this Court is not the proper venue for the filing of his claims under § 2241.

**IT IS THEREFORE ORDERED BY THE COURT** that to the extent Defendant's claim (Doc. 117) is construed as a motion brought pursuant to 28 U.S.C. § 2255, it is **dismissed without prejudice** as an unauthorized second or successive § 2255 motion that was filed without prior authorization.

**IT IS FURTHER ORDERED** that to the extent Defendant's claim is brought under 28 U.S.C. § 2241, it is **dismissed without prejudice**, as this Court is not the proper venue for such relief.

---

[13] 28 U.S.C. § 2255(f).

[14] 28 U.S.C. § 2244(b)(3)(A).

[15] *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).

**IT IS SO ORDERED.**

Dated: December 12, 2016

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE